**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00542-CR**

_____

**MICHAEL WAYNE LAIRD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 22217**

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Michael Wayne Laird (Laird) pleaded guilty to the third degree felony offense of possession of a controlled substance in a drug-free zone. *See* Tex. Health & Safety Code Ann. § 481.134(d) (West Supp. 2014).[1] The trial court found the evidence sufficient to find Laird guilty, but deferred further proceedings and placed Laird on community

---

[1]We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

1

supervision for ten years and assessed a $2,000 fine. The State subsequently filed a motion to revoke Laird's unadjudicated community supervision. Laird pleaded "not true" to alleged violations of the conditions of his community supervision. After conducting an evidentiary hearing, the trial court found that Laird violated the conditions of his community supervision, found Laird guilty of possession of a controlled substance in a drug-free zone, and assessed punishment at eight years of confinement.

Laird's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 13, 2015, we granted an extension of time for Laird to file a *pro se* brief. We received no response from Laird. We reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

However, we note that in the section of the judgment entitled "Plea to Motion to Revoke[,]" the judgment incorrectly recites that Laird pleaded "True[.]"This Court has the authority to reform the trial court's judgments to

correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We delete this language and substitute "Not True" in its place. Otherwise, we affirm the trial court's judgment as reformed.[2]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on May 26, 2015
Opinion Delivered June 24, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2]Laird may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.